Ranjit SINGH, Petitioner,

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71692.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 28, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*   Fed. R.App. P. 34(a)(2).

Pardeep Singh Grewal, Oakland, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, DOJ-U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: T.G. NELSON, WARDLAW and TALLMAN, Circuit Judges.

## MEMORANDUM **

Ranjit Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' decision dismissing his appeal from the Immigration Judge's ("IJ") denial of his applications for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *Malhi v. INS*, 336 F.3d 989, 992–93 (9th Cir.2003). We deny the petition for review.

We conclude that substantial evidence supports the IJ's decision because Singh's testimony was inconsistent and contradictory regarding which political party he was affiliated with and regarding the activities and tenets of his claimed political party. *See Mejia–Paiz v. INS*, 111 F.3d 720, 724 (9th Cir.1997). Furthermore, substantial evidence supports the IJ's finding that Singh's demeanor was inconsistent with a truthful rendition of the facts, and appeared rehearsed. *See Singh–Kaur v.*

INS, 183 F.3d 1147, 1151 (9th Cir.1999). The IJ specifically noted that Singh tried to cover his face or turn toward the interpreter whenever a contradictory statement was being pointed out by government's counsel or the Court, yet appeared relaxed when answering questions posed by his own counsel. *See id.*

Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Because Singh's claim under the CAT is based on the same testimony that the IJ found not credible, and he points to no other evidence that he could claim the IJ should have considered in making its determination under CAT, his CAT claim also fails. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.